PLEASANTS, APPELLEE, *v.* PLEASANTS, APPELLANT.

[Cite as Pleasants v. Pleasants (1971),
27 Ohio App. 2d 191.]

(No. 11362—Decided February 1, 1971.)

*Mr. Harry H. McIlwain* and *Mr. William J. Dammarell,* for appellee.

*Messrs. Rendigs, Fry, Kiely & Dennis,* for appellant.

HESS, J. This is an appeal from the judgment and decree of the Court of Common Pleas, Division of Domestic Relations, in which an amended motion for declaratory judgment was considered by that court as a petition for declaratory judgment, and judgment was entered thereon.

On March 26, 1953, Barbara Von Oettingen Pleasants and J. Gibson Pleasants, husband and wife, hereinafter referred to as Mrs. Pleasants and Mr. Pleasants, respectively, entered into a written separation agreement. A divorce proceeding was instituted which culminated in a decree granting Mrs. Pleasants a divorce on January 4, 1954. The trial court attached to and made a part of the decree of divorce the separation agreement which, among many

other provisions, provided for monthly alimony payments to be paid by Mr. Pleasants to Mrs. Pleasants.

The separation agreement appears in its entirety in the record, but the portion with which we are primarily concerned herein is paragraph eleven, which reads as follows:

"Commencing and becoming effective with the month of April, 1953, J. Gibson Pleasants, during his lifetime, shall, not later than the 5th day of each month hereafter, pay to Barbara Von Oettingen Pleasants until her death or marriage to someone other than J. Gibson Pleasants, an amount of money equal to forty (40%) percent of the amount paid to him as regular monthly salary, prior to deduction of federal income taxes, for the preceding month, but in no event, and irrespective of the amount of the regular monthly salary paid to J. Gibson Pleasants for the preceding month, shall the payment herein agreed to be made not later than the 5th day of the ensuing month, be in excess of three thousand ($3,000.00) Dollars for said month. In the event that, hereafter, the parties hereto are divorced, these payments constitute and are alimony."

Prior to and at the time of the execution of the separation agreement, and until April 30, 1969, Mr. Pleasants was employed by the Procter and Gamble Company. He made application for and was granted retirement from his employer effective April 30, 1969, at which time he ceased to draw a salary. He has not drawn a salary since his retirement. In May, 1969, Mr. Pleasants made a payment of $3,000 to Mrs. Pleasants based upon his regular monthly salary for April, 1969. In June, 1969, he paid Mrs. Pleasants $2,800, being 40% of approximately $7,000 regular monthly salary received by him after his retirement as accrued vacation pay, which is the last payment made to Mrs. Pleasants by Mr. Pleasants.

On November 6, 1968, Mrs. Pleasants filed a motion requesting the following: a "* * * declaratory judgment as to defendant's obligation under the decree entered herein and to define the word salary or in the alternative to modify the decree to read income instead of salary."

On April 7, 1969, Mr. Pleasant filed a motion to strike this motion from the record. On June 6, 1969, the court found that the motion of plaintiff to modify said decree was not well taken and granted defendant's motion to strike with respect to that portion of plaintiff's motion for declaratory judgment asking the court to "modify the decree to read income, instead of salary."

The court further determined, with respect to that portion of defendant's motion which asked the court to strike the motion of plaintiff for a declaratory judgment on the obligation of the defendant under the divorce decree, as follows: "* * * the court finds that although the form of plaintiff's motion for declaratory judgment may not be exactly in conformity with the Declaratory Judgments Act, it is sufficient to permit this court to construe the motion for declaratory judgment as a petition for declaratory judgment and, therefore, the court does have jurisdiction to interpret and declare the rights of the parties under a separation agreement as incorporated in and made a part of a divorce decree." Thereupon, the court ordered that portion of plaintiff's motion for declaratory judgment which read "* * * or in the alternative to modify the decree to read income, instead of salary" be stricken and that the text of said motion, as accordingly modified, be changed to read as follows:

"Now comes plaintiff and moves the court for a declaratory judgment as to defendant's obligation under the decree entered herein and to define the word salary."

Exceptions were noted to the ruling of the court, and on June 10, 1969, Mr. Pleasants filed a demurrer to Mrs. Pleasants' motion for declaratory judgment.

On July 10, 1969, the trial court entered an order of reference in which all matters relating to the value, description, date of acquisition and ownership of property in this matter were referred to a referee pursuant to R. C. 2315.32. On October 9, 1969, Mrs. Pleasants filed an amended motion for a declaratory judgment to clarify defendant's obligations under the alimony provisions of the decree of divorce, to which Mr. Pleasants filed a demurrer

on October 10, 1969. This demurrer was overruled by the trial court. Thereafter, on November 14, 1969, Mr. Pleasants filed an "answer to [the] amended motion of plaintiff for [a] declaratory judgment."

On this state of the record, the trial court conducted a hearing, presented its written opinion, and on July 13, 1970, entered a judgment as follows: "The court declares, adjudges, orders and decrees that the defendant (Mr. Pleasants) is obligated, from the date of his retirement, namely, April 30, 1969, to pay to plaintiff (Mrs. Pleasants) as alimony the sum of $3,000 per month until the death of the plaintiff, the death of the defendant, or the remarriage of the plaintiff to someone other than the defendant, the occurrence of any one of which contingencies will terminate said alimony payments."

Mr. Pleasants presents three assignments of error: "(1) The judgment and decree is contrary to law in that the court erred in its construction and interpretation of the separation agreement between plaintiff and defendant in this cause and, under the guise of construction and interpretation, modified and rewrote the written separation agreement between the parties which was incorporated into the decree of divorce; (2) the judgment and decree of the trial court is not supported by any evidence; and (3) the court erred in entertaining and deciding a declaratory judgment action on a motion rather than on issues made up by the filing of a petition and responsive pleadings thereto, to all of which defendant-appellant objected by filing a motion to strike, then a demurrer and then renewing his objection in his answer."

The first assignment of error presents the question of whether Mr. Pleasants is obliged to pay $3,000 per month to Mrs. Pleasants after his retirement and during the time he does not draw a salary.

In considering this question on a motion, the trial court properly refused to substitute the word "income" for "salary" in the separation agreement. Later, when the court came to consider the merits of an amended motion, it found that Mr. Pleasants had an obligation to make payments of alimony regardless of the fact that he was not

receiving a salary, and notwithstanding that the only provision of the separation agreement of the parties dealing with the amount of alimony called for the payment of forty per cent of the regular monthly salary paid to Mr. Pleasants the preceding month.

The law is well established in the state of Ohio that a judgment or decree for the payment of alimony which is based upon a separation agreement signed by the parties and incorporated into and made a part of a divorce decree is not subject to a later modification by the court after term, in the absence of mistake, misrepresentation, or fraud. *Law v. Law,* 64 Ohio St. 369; *Newman v. Newman,* 161 Ohio St. 247; *Dailey v. Dailey,* 171 Ohio St. 133; and *Desjardins v. Desjardins,* 22 O. O. 2d 98.

The separation agreement herein is a well written contract between the parties consisting of fifteen paragraphs, plus subparagraphs, wherein the parties established their obligations relative to the custody of their children, distribution of personal property, title to and occupancy of real estate, payment of alimony and other matters incident to their separation. In the preparation and execution of the separation agreement, both parties were represented by counsel.

It is clearly set forth in the separation agreement that the amount of alimony to be paid by Mr. Pleasants was based upon and limited to a percentage of his regular monthly salary. The final judgment of the trial court completely ignores the percentage of salary to be paid by Mr. Pleasants as alimony.

The word "salary" as used in paragraph eleven of the separation agreement must be construed to mean a fixed annual or periodical payment for services depending upon the time and not upon the amount of services rendered. More succinctly stated, salary is a fixed compensation which is paid at stated times for services rendered.

We conclude that, since the alimony payment herein was based upon a percentage of the salary earned by Mr. Pleasants, his contractual obligation to pay alimony does not exist so long as he does not earn a salary.

The third assignment of error concerns the form of

this action rather than the substance. Mr. Pleasants maintains it was error for the trial court to proceed on motions for declaratory judgment and that this action should have been instituted by petition because the attack on the separation agreement was after the term in which judgment was entered.

The record would indicate the trial court entertained the action as a petition or claim. Mr. Pleasants also considered the action as one based upon a petition, as evidenced by his answer.

If the form of the procedure herein be error, it cannot be considered as prejudicial error in view of our determination that Mr. Pleasants is not liable under the separation agreement to pay alimony so long as he has not and does not earn a salary.

Assignment of error number two is covered in our consideration of assignment of error number one and requires no further attention.

The judgment of the trial court is reversed and the order of July 13, 1970, quoted herein, is set aside and held for naught.

*Judgment reversed.*

SHANNON, P. J., and YOUNG, J., concur.